JUDGE CROTTY

11 CIV 8560

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X

LAURA ROMAN-MALONE,

                 Plaintiff,

     -against-

CITY OF NEW YORK, SGT. VEGA, in her
individual and professional capacity,
LT. SCALA, in his individual and
professional capacity, CAPT. CEDRIC
RAYMOND, in his individual and
professional capacity,

              Defendants.

------------------------------------------X

**COMPLAINT
WITH JURY DEMAND**



NOV 23 2011

U.S.D.C. S.D.N.Y.
CASHIERS

Plaintiff, LAURA ROMAN-MALONE, by and through her

attorneys, the law firm of CRONIN & BYCZEK, LLP, as and for her

Complaint against Defendants, respectfully sets forth the

following:

## NATURE OF ACTION

1. This action is hereby commenced for the purpose of

seeking to secure protection of, and to the redress the

deprivation of, rights secured by the United States

Constitution, Title VII of the Civil Rights Act of 1964, as

amended, 42 U.S.C. §§ 1981 and 1983, New York State Executive

Law § 296, and New York City Human Rights Law § 8-107 et. seq.,

providing for relief based upon Defendants' unlawful employment

practices of engaging in discrimination based upon Plaintiff's

race, national origin, gender and retaliation against Plaintiff

for engaging in the protected activity of formally complaining

of said harassment and the creation of a hostile work

environment.

## JURISDICTION

2.    The jurisdiction of this Court is invoked based upon

federal question and pursuant to the Constitution of the United

States, the New York State Constitution, 28 U.S.C §§ 1343(3) AND

(4), 28 U.S.C. § 1331, as well as 42 U.S.C. §2000e through

§2000e (15).

3.    This Court has supplemental jurisdiction over the

federal claims pursuant to 28 U.S.C. § 1367.

4.    Jurisdiction is also invoked under the doctrine of

pendant jurisdiction with respect to any and all state claims

set forth in all counts.

5.    The rights, privileges and immunities sought herein to

be redressed are those secured by the equal protection and due

process clauses of the Fourteenth Amendment of the United States

Constitution and provisions against race discrimination and

retaliation in employment based upon Title VII of the Civil

Rights Act of 1964, as amended, 42 U.S.C. § 1983, along with

applicable provision of the New York State Constitution, New York State Executive Law and New York City Human Rights Law.

### SATISFACTION OF PREREQUISITES UNDER TITLE VII

6.    On or about May 6, 2010, Plaintiff in accordance with applicable law, filed a Verified Charge with the United States Equal Employment Opportunity Commission ("EEOC"), which organization receives and investigates charges of discrimination as set forth by the Federal Anti-Discrimination Laws, including Title VII of the Civil Rights Act, as amended.

7.    Said Verified Charge charged that Defendants engaged in unlawful employment discrimination practices based upon race, national origin, gender and retaliation for engaging in protected activity, and the creation of a hostile work environment.

8.    Plaintiff received a "Right to Sue" Letter on August 25, 2011. A copy of the "Right to Sue" Letter issued to Plaintiff is annexed hereto as **Exhibit "A"**.

### VENUE

9.    Venue is proper within the Southern District of this Court, County of New York, State of New York, as the Defendants

do business within the Southern District and course of
Defendants' conduct took place within the boundaries of the
County of New York, State of New York, and the instant causes of
action are based upon violations of the New York State
Constitution, New York State Executive Law and New York City
Human Rights Law.

## PARTIES

10.   Plaintiff, is a female citizen of the United States
and a resident of Kings County, State of New York. At all times
relevant to this action, Plaintiff is a uniformed member of the
New York City Police Department where she has served as a Police
Officer for over twenty (20) years. Plaintiff was assigned to
72nd Precinct at all relevant times. Plaintiff is a Hispanic who
opposes the discriminating and retaliations custom, policy and
practices of the City of New York.

11.   Defendant CITY OF NEW YORK is a municipal entity
created an authorized under the laws of the State of New York.
Defendant CITY OF NEW YORK is authorized by law to maintain a
Police Department that acts as its agent in the area of law
enforcement and for which it is ultimately responsible.

12.   Defendant SGT. VEGA ("VEGA") is a Sergeant in the New
York City Police Department assigned to the 72nd Precinct, and as
such has supervisory authority over Plaintiff at the time of the

actions herein complained of; she is being sued in her individual and her official capacity.

13.    Defendant LT. SCALA ("SCALA") is a Lieutenant in the New York City Police Department assigned to the 72nd Precinct and had authority over Plaintiff at the time of his actions herein complaints of; he is being sued in his individual and his official capacity.

14.    Defendant CAPTAIN CEDRIC ("RAYMOND") is a Captain in the New York City Police Department assigned to the 72nd Precinct and has supervisory authority over Plaintiff at the time of his actions herein complained of; he is being sued in his individual and his official capacity.

## FACTS UNDERLYING PLANIIFF'S CLAIMS

15.    Plaintiff is a female Hispanic and was employed with the New York Police Department ("NYPD") who opposes discriminatory practices in employment and, as such, she is a member of a protected class.

16.    Plaintiff was employed by the NYPD from April 1991 until her retirement in 2011.  Over the years of her employment with the NYPD, she had received overall satisfactory evaluations and no disciplinary problems until her transfer to the 72nd Precinct in 2002.

17.    Throughout Plaintiff's career with the NYPD, she made numerous complaints, both to her direct supervisors as well as to the Internal OEEO within the NYPD.  Her complaints included disrespectful treatment, unjustified discipline, retaliation and harassment, which created a hostile work environment.

18.    Plaintiff has been retaliated against for having filed a federal lawsuit in 1999 in regards to retaliation and discrimination against the NYPD.  As a result of Plaintiff's prior complaints, Plaintiff has been subjected to, on a daily basis and became a condition of her continued employment with the NYPD.

19.    The conduct, which Plaintiff was forced to endure, is severe and pervasive, creating a hostile work environment that a reasonable person would consider hostile, abusive and intimidating.  As a result, Plaintiff was forced to retire and constructively discharged from the NYPD in 2011.

20.    On or about July 1999, Plaintiff filed a federal lawsuit against the City of New York, NYPD and certain supervisory NYPD personnel alleging discrimination and retaliation.  As a result of said lawsuit, the matter was resolved with a monetary pay out by the City of New York to Plaintiff on or about June 6, 2006 in the amount of $61,250.00.

21.   Prior to Plaintiff being assigned to the 72nd Precinct, Plaintiff was assigned to the 75th Precinct.  It should be noted that Defendant RAYMOND was previously assigned to the 75th Precinct as a police officer where Plaintiff made an OEEO complaint against him and another officer, Kevin Clarke, for making derogatory statements against female police officers.

22.   On or about July 30, 2007 in retaliation for having filed a lawsuit against the NYPD and for complaining to the OEEO, Plaintiff was assigned as a Prisoner Van Operator.

23.   On July 10, 2009, while assigned to the telephone switchboard and front window of the 72nd Precinct, Plaintiff properly transferred a call to her immediate supervisor, Defendant VEGA, because the complainant had asked to speak to a supervisor after he refused to allow Plaintiff to assist him. Approximately one hour later, Defendant VEGA approached Plaintiff and began to berate Plaintiff and pointed her finger in Plaintiff's face in the presence of other police officers in the area of the "muster room" of the precinct and told Plaintiff to "grow up".  Such conduct was humiliating and embarrassing.

24.   On July 22, 2009, Plaintiff's union representative, P.O. Michael Dougherty, and Plaintiff spoke with the Commanding Officer, Defendant RAYMOND, to file a formal complaint against

Defendant VEGA regarding her unprofessional conduct against Plaintiff on July 10, 2009.

25.    On July 24, 2009, Defendant RAYMOND informed P.O. Dougherty that he had spoken with Defendant VEGA and that he does not foresee any future problems with Defendant VEGA.

26.    On August 5, 2009, Plaintiff received a written notification from Defendant VEGA that on August 4, 2009, Plaintiff's name was entered in the Violation Log for failure to properly transfer telephone calls to the desk officer on July 10, 2009.  Said entry was inappropriately back dated by Defendant VEGA to "7/10/09".  Approximately 25 days after the actual incident and after Plaintiff filed a complaint against Defendant VEGA, Defendant VEGA retaliated by placing Plaintiff in the Violation Log.

27.    On August 5, 2009, Plaintiff filed another complaint with Defendant RAYMOND in regards to Defendant VEGA unjustifiably and inappropriately writing Plaintiff up in the Violation Log, almost one month after the July 10, 2009 telephone transfer, for "failure to properly transfer telephone calls to the desk officer".

28.    It is inappropriate for a supervisor to write up a police officer in the Violation Log almost one month after the

alleged incident occurred.  Clearly, Defendant VEGA's conduct
was in writing Plaintiff up was done solely to harass and create
a hostile work environment against the Plaintiff.  It is the
policy and practice of NYPD supervisor to place a police officer
in the Violation Log on the day that the alleged violation
occurs, not weeks later and backdate the entry to the date of
the alleged occurrence, as was done by Defendant VEGA.

29.  On August 6, 2009, Plaintiff's union representative,
P.O. Patty Scollan, spoke with Deputy Inspector Jesus Pintos
regarding Defendant VEGA's backdated violation entry and
complained that the entry was a fabricated violation and clear
retaliation due to the fact that Plaintiff had made a complaint
against Defendant VEGA.  The Deputy Inspector told P.O. Scollan
that "Sgt. Vega just wanted to cover herself".

30.  On August 7, 2009, Plaintiff filed a complaint with
the OEEO of the NYPD.  The OEEO refused to accept the Complaint
and informed Plaintiff that the complaint should be handled at
the precinct level.

31.  On September 24, 2009, Plaintiff overheard Defendant
SCALA become annoyed with two other police officers who
Plaintiff had assisted in chaining three prisoners prior to
their transport to Central Booking.  When Plaintiff went up to
Defendant SCALA to inform him that she told the other officers

to place the chains on the prisoners, Defendant SCALA became irate and began to yell at Plaintiff, in the presence of the two officers and three prisoners, for having placed chains on the prisoners that were being transported.  Plaintiff respectfully asked Defendant SCALA why he was talking to her in such a disrespectful manner in front of the prisoners.  Defendant SCALA told Plaintiff that she was going to receive a Command Discipline.  Said incident was witnessed by P.O. Robert Winslow, P.O. Daphne James and P.O. Kevin Marcial.

32.   On September 24, 2009, Defendant SCALA did in fact issue a Command Discipline to Plaintiff for defending the other officers' and allegedly arguing with Defendant SCALA.

33.   Defendant SCALA's conduct towards Plaintiff was in violation of the NYPD Patrol Guide Procedure regarding supervisors wherein it is written that they are to reprimand in private and praise in public.

34.   Plaintiff had complained about Defendant SCALA verbally abusing females PAA Betty Saratra, PAA Sharon Jones and P.O. Martinez)within the precinct in the past.

35.   Said issuance of a Command Discipline against the Plaintiff was done so in retaliation for having filed complaints

against Plaintiff's supervisors in the past and created a
hostile work environment and adverse employment action.

36. When Plaintiff returned to the precinct on September
24, 2009, she saw Defendant RAYMOND appear from his office and
thought that he wanted to speak with her.  Plaintiff asked the
Defendant if he wanted to speak with her and he said no.
Moments later, Plaintiff was informed by her union
representative, P.O. Michael Dougherty that Defendant RAYMOND
was going to issue her a Command Discipline for being out of her
detail.

37. Said discipline was issued solely for Plaintiff having
made prior complaints against Defendant RAYMOND and other
supervisory personnel.

38. On September 25, 2009, at approximately 7:20 a.m.
during roll call, Plaintiff was given a highlighted notification
that her assignment was being changed as of September 28, 2009
to Squad C3, and was immediately placed on foot post by Sgt.
Pulci up until September 28, 2009.  Since Plaintiff was one of
the most senior officers (approximately 19 years), she should
not have been placed on a foot post detail.  It is custom and
policy of the NYPD that said foot post details are usually given
to rookies, less senior officers and officers who have been
placed on some type of modification.  The only other time this

is done to senior officers is for harassment and retaliatory purposes.

39. Said assignment to foot post severally reduced Plaintiff's ability to earn overtime and therefore materially affected her pension and other benefits during the last couple of years prior to her retirement in 2011

40. In Plaintiff's case she was placed on foot post, which is an undesirable assignment, solely in retaliation for having complained about her supervisors and created a hostile work environment.

41. On September 29, 2009, Plaintiff filed another OEEO complaint with Sgt. Dreyer of OEEO.

42. Subsequent to Plaintiff's complaints being filed with OEEO, the Command Discipline charges were dismissed.

43. Additionally, Plaintiff has been disparately treated when compared to other similarly situated officers in regards to discipline, because of the fact that she has filed numerous complaints and a prior lawsuit. For example, P.O. Mendez was caught by IAB in an off-limits location and his only discipline was that he was removed from his detail. P.O. Mendez also called a supervisor "a pussy" and was only referred to psych

services.   P.O. Mendez had not filed any prior complaints against his supervisors.

44.   On or about April 2010, Plaintiff's immediate supervisor, Sgt. Cadet, began to question her about her numerous OEEO complaints that she had filed against other supervisors within the precinct.   Plaintiff informed the Sergeant that said complaints are none of his business.   Said complaints to the OEEO are to be kept confidential.   Sgt. Cadet should not have had notice of such private and confidential complaints that Plaintiff had made against other individuals in the past.   This has created a further hostile environment within Plaintiff's work place.

45.   On or about January 7, 2011, Plaintiff was issued a Command Discipline for failing to take proper police action by her supervisors at the 72nd Precinct.   Said Command Discipline was unjustifiably issued to the Plaintiff.

46.   Plaintiff complained to the Deputy Inspector regarding the Command Discipline which was issued on January 7, 2011.

47.   On or about January 13, 2011, the Command Discipline received a final disposition of "unsubstantiated" and the Command Discipline was dismissed.

48.   All of these retaliatory, hostile and discriminatory acts have resulted in extreme emotional and physical distress and economic damages.


## AS AND FOR A FIRST CLAIM PURSUANT TO
## 42 USC § 1983 AGAINST ALL INDIVIDUAL DEFENDANTS

49.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs ''1'' through ''48'' with the same force and effect as if fully set forth herein.

50.   The individual Defendants have embarked on a course of conduct that deprived Plaintiff of her rights under the United States Constitution, federal and state law.

51.   The facts and circumstances cited above with reference to the Constitution and other civil rights violations suffered by Plaintiff are examples of Defendants' violations of Plaintiff's civil rights.

52.   The actions of Defendants, acting under color of state and local law, custom and usage, have deprived Plaintiff of her rights, privileges and immunities under the laws and Constitution of the United States, and in particular, of her rights to due process and equal protection under the 14th Amendment and 1st Amendment Free Speech.

53. By these actions, Defendants have jointly and separately deprived Plaintiff of her rights under the 1st and 14th Amendments to the United States Constitution, in violation of 42 USC § 1983.

54. As a consequence of Defendants' unlawful actions, Plaintiff demands damages in the amount of $750,000.00.

## AS AND FOR A SECOND CLAIM AGAINST
## DEFENDANTS FOR FIRST AMENDMENT RETALIATION

55. Plaintiff repeats, realleges, and reiterates each and every allegation set forth in paragraphs ''1'' through ''54'' with the same force and effect as if fully set forth herein.

56. Plaintiff has been unlawfully subjected to a hostile work environment and harassment in retaliation for exercising her 1st Amendment rights to free speech.

57. The aforementioned conduct on the part of Defendants was without cause or justification and violated Plaintiff's rights, civil rights, privileges and immunities as guaranteed by the 1st Amendment of the United States Constitution as well as the Constitution of the State of New York and the New York City Administrative Code and Human Rights Law.

58. The actions of Defendants in depriving Plaintiff of her constitutional and civil rights were willful and malicious acts.

59. As a direct and proximate consequence of Defendants' unlawful, discriminatory and harassing conduct, Plaintiff has suffered losses of benefits and privileges of her employment with Defendants, been damaged professionally and economically, as well as suffered physical and emotional pain and suffering.

60. Based on the foregoing, Plaintiff is entitled to compensatory damages in the amount of $750,000.00, and punitive and exemplary damages in the amount of $750,000.00, as against the individual Defendants.

## AS AND FOR A THIRD CLAIM IN VIOLATION OF TITLE VII OF CIVIL RIGHTS ACT OF 1964 AS AMENDED, DUE TO RACE NATIONAL ORIGIN AND GENDER DISCRIMINATION AND RETALIATION

61. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs ''1'' through ''60'' with the same force and effect as if fully set forth herein.

62. Based upon the aforementioned facts, Defendants discriminated against Plaintiff as a result of her race, national origin, gender and in retaliation for exercising his First Amendment rights.

63. Defendants intentionally and willfully discriminated against and harassed Plaintiff and permitted Plaintiff to be discriminated

against and harassed in her employment on account of her race, national origin, gender and in retaliation for opposition to discrimination, thereby violating §704(A) OF Title VII of the Civil Rights Act of 1964 as amended and 42 USC §2000e-3(a).

64.    No action was taken by Defendants or its agents to stop the harassment of Plaintiff, thereby contributing to a hostile working environment.

65.    As a result of the Defendants' conduct, Plaintiff has suffered economic loss, pain, humiliation, embarrassment, and extreme emotional distress and continues to suffer to this day, and further as a result of Defendants' conduct, Plaintiff has suffered both professionally and personally.

66.    As a result of the foregoing, Plaintiff has been damaged in the amount of $750,000.00. Additionally, Plaintiff seeks punitive and exemplary damages in the sum of $750,000.00 against the individual Defendants.

## AS AND FOR A FOURTH CLAIM PURSUANT TO NEW YORK STATE EXECUTIVE LAW § 296

67.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs ''1'' through ''66'' with the same force and effect as if fully set forth herein.

68.    Based on the foregoing, Defendants intentionally and willfully discriminated against Plaintiff in her employment on account

of race, national origin, gender and in retaliation in opposition to discriminatory practices in violation of New York State Executive Law § 296. Plaintiff has continuously been victimized by Defendants for their opposition to discrimination and a hostile working environment created by Defendants.

69. Even though Defendants were aware of Plaintiff's complaints and the existence of a hostile work environment, no actions were taken by Defendants in an effort to correct the discriminatory conduct on behalf of the individual Defendants.

70. Such conduct on the part of Defendants and all others, without cause or justification, violated the Plaintiff's civil rights guaranteed under the New York State Constitution and New York State Executive Law § 296.

71. As a result of Defendants' actions and all deprivations of Plaintiff's rights as guaranteed under New York State Executive Law § 296, Plaintiff has suffered economic loss, pain, humiliation and extreme emotional distress.

72. As a result of the foregoing wrongful, careless and intentional acts of Defendants, Plaintiff has been damaged in the amount of $750,000.00. Additionally, Plaintiff seeks punitive and exemplary damages in the amount of $750,000.00 against the individual Defendants.

## AS AND FOR A FIFTH CLAIM PURSUANT TO NEW YORK CITY ADMINISTRATIVE CODE SECTION 8-107(1) et seq.

73.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs ''1'' through ''72'' with the same force and effect as is fully set forth herein.

74.    Defendants' discriminatory conduct based on Plaintiff's race, national origin, gender and in retaliation for complaints of discriminatory conduct by other members of the CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT and in retaliation for his opposition to discrimination, constitutes discrimination in violation of the New York City Administrative Code § 8-107(1) et seq. and the New York City Human Rights Law.

75.    The aforementioned occurrences were caused by the wrongful, careless, reckless and intentional acts of Defendants.

76.    Because of the foregoing, Plaintiff has been damaged in the amount of $750,000.00.    Additionally Plaintiff seeks punitive and exemplary damages in the amount of $750,000.00 against the individual defendants.

## JURY TRIAL

77.    Plaintiff requests a jury trial on all questions of fact.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Honorable Court grant the following relief:

1.    Declare that the aforementioned actions of Defendants were unconstitutional and in violation of the United States Constitution, the New York State Constitution and New York City Human Rights Law and Administrative Code along with all applicable statutes;

2.    Declare that the aforementioned discriminatory actions of Defendants were in violation of New York State Executive Law § 296, 42 U.S.C. § 1983, and Title VII of the Civil Rights Act of 1964, as amended and New York City Administrative Code Section 8-107(1), et seq.;

3.    Enjoin the Defendants and their successors, agents, servants, employees and those in active concert or participation with them from subjecting their employees to retaliatory and harassing conduct based on their race, national origin, gender and their engagement in the protected activity of formally complaining of said discrimination;

4.    As and for Plaintiff's Claims, grant Plaintiff the sum of $750,000.00, along with punitive and exemplary damages in the amount of $750,000.00 against the individual Defendants;

5.    Grant Plaintiff all costs for this action, including reasonable attorney's fees pursuant to 42 U.S.C. §1988; and

6.    Grant Plaintiff such other and further relief as this Court deems just.

Dated:    Lake Success, New York
          November 22, 2011

                                   Yours, etc.

                                   CRONIN & BYCZEK, LLP


                                   ROCCO G. AVALLONE (RA8055)
                                   1983 Marcus Avenue, Suite C-120
                                   Lake Success, New York 11042
                                   (516) 358-1700

Exhibit "A"

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To:  **Laura Roman-Malone**
**1150 Essex Street**
**Brooklyn, NY 11239**

From:  **New York District Office**
**33 Whitehall Street**
**5th Floor**
**New York, NY 10004**

| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **520-2010-02227** | **Jose T. Vega,** **Investigator** | **(212) 336-3682** |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ]   The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Enclosures(s)

**Kevin J. Berry**
**District Director**

8/4/11
*(Date Mailed)*

cc:   **NYPD**
**Attn: Thomas P. Doepsner, Legal Bureau**
**1 Police Plaza, Room 1406**
**New York, NY 10010**

**Rocco G. Avallone**
**Fountains at Lake Success**
**983 Marcus Avenue, Suite C-120**
**Lake Success, NY 11042**

*Index No.*             *Year 20*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAURA ROMAN-MALONE,

           Plaintiff,

     -against-

CITY OF NEW YORK, et al,

          Defendants.

SUMMONS AND COMPLAINT WITH JURY DEMAND

**CRONIN & BYCZEK, LLP**
**ATTORNEYS AT LAW**
**1983 MARCUS AVENUE**
**SUITE C120**
**LAKE SUCCESS, NY 11042**

**(516) 358-1700**

*To:*

*Attorney(s) for*

*Service of a copy of the within*                    *is hereby admitted.*

*Dated:*

                         .......................................................

                            *Attorney(s) for*

*PLEASE TAKE NOTICE*

☐   that the within is a (certified) true copy of a
**NOTICE OF**  *entered in the office of the clerk of the within named Court on*           *20*
**ENTRY**

☐   that an Order of which the within is a true copy will be presented for settlement to the *Hon.*
                     *one of the judges of the within named Court,*
**NOTICE OF**
**SETTLEMENT** *at*
      *on*                  *20*      *, at*           *M.*

*Check Applicable Box*

*Dated:*

                               **CRONIN & BYCZEK, LLP**
                               **ATTORNEYS AT LAW**
                               **1983 MARCUS AVENUE**
                               **SUITE C120**
                             **LAKE SUCCESS, NY 11042**

                                  **(516) 358-1700**

*To:*